**155 So. 239**

### THARP v. RICHARDSON.

No. 32419.

April 23, 1934.

Rehearing Denied May 21, 1934.

See, also, 179 La. 285, 153 So. 885.

Howell Carter, Jr., of New Orleans, for appellant.

F. Rivers Richardson, of New Orleans, for third opponent and appellee Richardson Realty, Inc.

Frank W. Hart, of New Orleans, for civil sheriff.

LAND, Justice.

Plaintiff obtained judgment against defendant in the sum of $6,000, represented by four promissory notes, each for the sum of $1,500, with interest and attorney's fees.

The sum of $2,000, arising from sale of collateral pledged to secure these notes, was credited on the judgment, which was thereby reduced to $4,000.

In execution of this judgment, a writ of fieri facias issued, and a general seizure in the hands of Angus Gaines and Whitney National Bank, garnishees, was made; but no money was realized therefrom.

Thereafter, the writ was levied upon lots 13 and 14, square No. 383, Fourth district, bounded by Sixth, Magnolia, and Clara streets, and Washington avenue, city of New Orleans; the property being in the hands of Angus Gaines, garnishee, and being the same property purchased by him at sheriff's sale in the matter of Angus Gaines v. African Methodist Episcopal Church, No. 192–796 of the docket of the civil district court, dated January 26, 1932, Reg. C. O. B. 464, Folio 396.

A copy of notice of this seizure, marked "B," was served on Angus Gaines, garnishee, but was not recorded in the office of the recorder of mortgages for the parish of Orleans. Tr., p. 6. Also see return of sheriff, Tr., p. 4.

A copy of notice of this seizure, marked "D," was served on defendant F. Rivers Richardson, and was recorded in the office of the recorder of mortgages for the parish of Orleans. Tr., p. 7. Also see return of sheriff, Tr., p. 4.

In answer to interrogatory 8, propounded to him, as garnishee, Angus Gaines said: "I am the same Angus Gaines who acquired Lots Nos. 13 and 14 in Square No. 383 in the Fourth District, bounded by Sixth, Magnolia, and Clara Streets and Washington Ave. at Sheriff's sale on January 26, 1932, for $4,-500.00 cash. The notes sued on resulting in the sale of the property to me were the property of the said F. Rivers Richardson, and the property thus acquired belonging to him under the conditions stipulated in the Counter-Letter executed by me in his favor about the time of said sale, by the terms of which the said property was acknowledged to be the property of the said F. Rivers Richardson, and would be transferred by me to him, or to any person whom he might designate, upon the payment to me by him of all amounts due me by him, and I am entitled to hold the said property in my name until the said indebtedness is discharged." The amount claimed by the garnishee as due to him by the defendant F. Rivers Richardson is the sum of $4,450.36, and the various items aggregating this sum are set out in detail by the garnishee in his answer to interrogatory 8. Tr., p. 18.

The counter letter from defendant to the garnishee appears at pages 21 and 22 of the transcript, and its contents are as stated by the garnishee in his answer to interrogatory 8.

On May 13, 1932, Angus Gaines sold to Richardson Realty, Inc., the property in dispute in this case; the defendant being the president of that company.

On May 27, 1932, Richardson Realty, Inc., intervened in the case, claimed ownership of the property, and prayed that a rule nisi be issued to plaintiff and the civil sheriff to show cause why they should not be enjoined from further proceeding with the sale of the property as advertised.

A temporary restraining order was issued to remain in effect until Friday, June 10, 1932.

After hearing, a preliminary writ of injunction was issued, and the motion of plaintiff to dissolve the writ as wrongfully obtained was overruled and dismissed. Plaintiff has appealed.

1. The real issue in the case is whether or not the knowledge of the president of a corporation is knowledge of the corporation, when such knowledge is not of record.

We reiterate that a copy of the notice of seizure to the garnishee was not recorded in the office of the recorder of mortgages for the parish of Orleans. Consequently, there was no notice by public record to Richardson Realty, Inc., a third person, that the property was under seizure, as far as the garnishee was concerned, or that it was in any way incumbered, or that it did not belong to Angus Gaines, the record owner, at the time of the sale to Richardson Realty, Inc.

Besides, the authentic act of sale from Angus Gaines to Richardson Realty, Inc., contains the following clause: "By reference to the certificates of the Register of Convey-

ances and Recorder of Mortgages in and for the Parish of Orleans, annexed hereto, it does not appear that the said property has been heretofore alienated by said Vendor, or that it is subject to any encumbrance whatever."

The counter letter from defendant to the garnishee was never placed on record at any time.

Our conclusion is that the knowledge, dehors the public records, of the defendant, individually, or as president of Richardson Realty, Inc., is immaterial in the case, and cannot affect the validity of the title from Angus Gaines to that company.

As said by this court in the case of Westwego Canal & Terminal Co., Inc., v. Pizanie, 174 La. 1068, 142 So. 691, 692: "It has become trite law in this state that a third person can acquire a good title from the owner of record, even though knowing this owner is not the true owner. This view has been repeatedly affirmed. McDuffie v. Walker, 125 La. 152, 51 So. 100; Gonsoulin v. Sparrow, 150 La. 103, and numerous authorities cited at page 107, and page 108, 90 So. 528, 529. Innocent third persons who deal on the faith of the public records are protected thereby. They are not affected by any knowledge they may acquire *dehors* the record. Manifestly, in this case, *estoppel of plaintiff to claim title cannot be based upon any knowledge which the president of plaintiff company may have had, outside of the public records, as to the ownership of the building in dispute.*" (Italics ours.)

Judgment affirmed.

ST. PAUL, J., absent.